IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| K.G., | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 23-cv-01002-LKG |
| | ) |
| v. | ) Dated:  September 10, 2024 |
| | ) |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

**I.     INTRODUCTION**

In this Individuals with Disabilities Education Act ("IDEA") matter, Plaintiff *pro se*, K.G., a minor child, challenges the remedy awarded to him following a determination that the Defendant, the Baltimore City Board of School Commissioners, failed to provide him with a free and appropriate public education ("FAPE"), in violation of the IDEA, 20 U.S.C. § 1412.  ECF Nos. 18, 18-1.  The Defendant has moved to dismiss this case for insufficiency of the amended petition, pursuant to Fed. R. Civ. P. 3, 7(a), 8(a)(1), 12(e) and 41(b).  ECF Nos. 28, 28-1.  The motion is fully briefed.  ECF Nos. 28, 29, 30.  No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2023).  For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 28); (2) **DENIES-as-MOOT** Plaintiff's motion for attorney's fees (ECF No. 7); (3) **DENIES-as-MOOT** Plaintiff's amended motion for attorney's fees (ECF No. 19); (4) **DENIES-as-MOOT** Plaintiff's motion to proceed anonymously (ECF No. 10); and (5) **DISMISSES** the amended petition.

1

## II.     FACTUAL AND PROCEDURAL BACKGROUND[1]

### A.     Factual Background

In this IDEA matter, Plaintiff *pro se*, K.G., a minor child, seeks review of the partial remedy ordered in the final ruling of Administrative Law Judge Susan Anderson, regarding his claim that the Baltimore City Public School System ("BCPS") failed to provide him with a free and appropriate public education, in violation of the IDEA.  ECF Nos. 18, 18-1.  A detailed factual background for this case is set forth in the memorandum opinion and order issued by the ALJ on December 20, 2022.  *See K.G., Student v. Baltimore City Public Schools*, OAH No. MSDE-CITY-OT-22-18973 (OAH Dec. 20, 2022) (the "ALJ Decision").  A brief factual background for the case follows.

<u>The Parties</u>

Plaintiff, K.G., is a minor child who has never attended school within the BCPS.  ALJ Decision at 8.  Plaintiff is represented in this matter by his mother, R.G., who is an attorney.  ECF No. 18 at 1; ECF No. 18-1 at 1.

Defendant, the Baltimore City Board of School Commissioners, operates the system of public schools commonly referred to as the Baltimore City Public School System.  ECF No. 13 at 1 n.1; *see also* Md. Code Ann. Educ. § 3-108.1.

<u>The Child Find Referral</u>

In February 2022, Plaintiff's parents, R.G. and Y.G., looked for appropriate educational placements for K.G.  ALJ Decision at 19.  On February 14, 2022, K.G.'s mother contacted the BCPS' Child Find Office and reported that she believed K.G. was a student with a disability who needed to be evaluated.  *Id*.  And so, R.G. requested a meeting so that the BCPS could determine whether K.G. was eligible for special education services.  *Id*.

On May 26, 2022, the BCPS sent a Notice of Individualized Education Program ("IEP") Team Meeting to K.G.'s parents, scheduling a meeting for June 9, 2022.  *Id*. at 20.  The meeting

---

[1] The facts recited in this memorandum opinion are derived from the ALJ's December 20, 2022, Decision; the Defendant's answer; the amended petition and the memorandum in support thereof; and the Defendant's motion to dismiss and the memorandum in support thereof.  ECF Nos. 13, 18, 18-1, 28, 28-1.

2

was subsequently postponed without explanation and notice to K.G.'s parents. *Id*. No one from the BCPS contacted K.G.'s parents about the Child Find referral until August 16, 2022, at which time the BCPS issued a Notice of IEP Team Meeting for August 24, 2022. *Id*. The IEP Team Meeting was ultimately held on August 24, 2022. *Id*. at 21.

On September 23, 2022, the BCPS administered an educational assessment to K.G. *Id*. at 27. On September 23, 2022, and October 6, 2022, the BCPS conducted in-school observations of K.G. and administered additional tests to determine K.G.'s eligibility for special educational services. *Id*. at 30. The BCPS also conducted an in school observation of K.G. during his math class on October 3, 2022. *Id*. at 33.

The IEP Team held an eligibility meeting on October 20, 2022, to determine whether K.G. was eligible for special education services under the IDEA as a student with a disability. *Id*. at 35. The IEP Team concluded, among other things, that K.G. had deficiencies in reading fluency, but not specifically reading comprehension. *Id*. at 37. The IEP Team also determined that K.G.'s low reading scores resulted from his difficulties with decoding, accuracy and rate. *Id*. at 37-38. And so, the BCPS found K.G. to be a student with a disability under the IDEA, pursuant to the other health impairment disability category. *Id*. at 38.

The IEP Team then identified supports and accommodations that K.G. required as part of his IEP. *Id*. at 39. The supports and accommodations identified included, among other things: (1) monitoring independent work; (2) preferential seating to maximize exposure to the teacher and minimize distractions; (3) writing supports; (4) allowing K.G. to use a graphic organizer with sentence starters when responding to writing prompts; (5) making a list of words K.G. commonly misspelled; (6) chunking reading passages into smaller parts; (7) providing visual organizers and process charts in class; (8) extended time on assignments; (9) tests with directions read aloud; (10) frequent reminders to stay on task; (11) small group instruction; and (12) frequent structured breaks within the classroom. *Id*. at 39.

On November 10, 2022, the IEP Team met again to finalize the draft IEP. *Id*. at 40. During this meeting, the IEP Team added, among other things, the following supports and accommodations to the IEP: (1) allowing K.G. to read parts of longer passages; (2) social-emotional supports; (3) service hours; (4) 30 minutes per week of pull-out psychological services provided by a school psychologists; (5) 30 minutes per month of classroom instruction consult

3

by KG.'s special educator to his general education teachers; and (6) 30 minutes per month of psychological consult services for individuals working with K.G. *Id*. at 41-42. In addition, the IEP Team determined that the IEP could be implemented with K.G. participating in a general education classroom for at least 80 percent of the school day. *Id*. at 42. The IEP Team deferred a decision on whether K.G. would require extended school year services in the summer of 2023. *Id*.

K.G.'s parents elected to enroll him in the Lab School of Baltimore. *Id*. at 43. And so, KG.'s first day of school for the 2022-23 school year was on November 28, 2022. *Id*.

<u>The ALJ's Decision</u>

On August 9, 2022, K.G.'s parents filed a due process complaint with the Maryland Office of Administrative Hearings, requesting a hearing to review the identification, evaluation or placement of K.G. by the Defendant under the IDEA (the "OAH Proceeding"). *Id*. at 1; *see also* ECF No. 18-1 at 2. The following two issues were identified for resolution during the OAH Proceeding: (1) whether the BCPS' violation of its Child Find obligation with regard to K.G. resulted in a denial of a FAPE for K.G. and (2) if there was a denial of a FAPE, whether the parents' requested remedy of K.G's private placement at the Baltimore Lab School at public expense from November 28, 2022, through the end of the 2022-23 school year, was appropriate. ALJ Decision at 4.

During the OAH Proceeding, the parents successfully argued that the BCPS violated its Child Find obligation with regards to K.G. *Id*. at 50. The parents also argued that the BCPS' violation of its Child Find obligation resulted in a denial of a FAPE for K.G., and that they were entitled to a remedy of tuition reimbursement for the cost of K.G's private placement at the Baltimore Lab School during the period November 28, 2022, through the end of the 2022-23 school year. *Id*. at 50, 71-72, 116.

Following an evidentiary hearing on these matters, Administrative Law Judge Susan Anderson issued a decision granting the parent's requests for placement at the Lab School of Baltimore and for reimbursement of tuition, costs and expenses for 11 weeks of the 2022-23 school year. *Id*. at 122. Specifically, the ALJ concluded that the BCPS failed to timely respond to the parents' Child Find Referral for K.G. in February 2022 and, as a result, failed to provide K.G. a FAPE from August 9, 2024, to November 10, 2022. *Id*. at 121. But, the ALJ also

4

concluded that the BCPS did not commit a procedural violation that resulted in the denial of a FAPE when it did not reschedule IEP Team Meetings scheduled for October 20, 2022, and November 10, 2022, which K.G.'s parents were unable to attend. *Id*.

Given this, the ALJ determined that the BCPS made a FAPE available to K.G. and provided him with an appropriate individualized education program and placement effective November 10, 2022. *Id*. at 121-22. And so, the ALJ denied tuition reimbursement for the remainder of the 2022-23 school year. *Id*. at 122.

Because the ALJ concluded that the parents were entitled to placement of K.G. at the Lab School of Baltimore for 11 weeks during the 2022-23 school year, as compensatory education for the BCPS' failure to timely evaluate K.G., and to the development and implementation of an IEP before the start of the 2022-23 school year, the ALJ ordered the BCPS to pay for, or to reimburse, all tuition and related costs for those 11 weeks. *Id*.

The Petition And Amended Petition

Plaintiff initially filed this matter in the Circuit Court for Baltimore City on March 3, 2023. ECF No. 1 at 1. Plaintiff styled his initial pleading in that matter as "Petition of [K.G.] for Judicial Review of the Office of Administrative Hearings in the case of *K.G. v. Baltimore City Public Schools*, OAH No. MSDE-CITY-OT-33-18973." *Id*.

The Defendant removed the case to this Court on April 13, 2023. *Id*. The Defendant filed an answer to the Complaint on April 21, 2023. ECF No. 13.

On May 10, 2023, Plaintiff filed a document entitled "Amended Petition for Judicial Review" and a memorandum in support thereof. ECF Nos. 18, 18-1. Plaintiff has also filed: (1) a motion for attorney's fees (ECF No. 7); (2) a motion to proceed anonymously (ECF No. 10); and (3) an amended motion for attorney's fees (ECF No. 19).

Relevant to the pending motion to dismiss, the amended petition states that Plaintiff seeks "review of the appropriateness of the partial remedy order in the final ruling by the Administrative Law Judge" during the OAH Proceeding. ECF No. 18 at 1-2. The amended petition also states that this filing : (1) "correct[s] a misnomer, re-naming the Defendant, from Baltimore City Public Schools (BCPS) to the Baltimore City Board of School Commissioners that operates BCPS;" (2) "provide[s] a shortened statement of the elements of the claims and

5

relief requested;" (3) "provide[s] numbered paragraphs in accordance with Fed. [R.] Civ. P. 10(b);" and (4) states that "[a]ny and all other elements or claims in the original Petition for Judicial Review are hereby adopted by reference." *Id*. at ¶ 2.

In addition, the amended petition states that:

> Plaintiff respectfully seeks to appeal a portion of the administrative ruling handed down by Administrative Law Judge Susan Anderson on December 20, 2022, in the [OAH]. Md. State Government Code Ann. § 10-222 provides that unless otherwise required by statute, any person aggrieved by the final agency decision is entitled to judicial review by filing a petition in the circuit court for the county where any party resides or has a principal place of business.

*Id*. at ¶ 4. Lastly, the amended petition states that "Plaintiff requests an injunction requiring the Defendants to keep the Plaintiff's current placement through the duration of these proceedings." *Id*. at ¶ 6. As relief, Plaintiff requests that the Court order the Defendant to pay K.G.'s tuition for the remainder of the 2022-23 school year and "to comply with the Stay Put provision of the IDEA, compelling them to allow K.G. to remain in his current placement for the duration of this legal proceeding." *Id*. at Prayer for Relief.

### B. Relevant Procedural Background

Plaintiff initially filed this IDEA matter in the Circuit Court for Baltimore City on March 3, 2023. ECF No. 1 at 1. The Defendant removed the case to this Court on April 13, 2023, and answered the petition on April 21, 2023. *Id*.; ECF No. 13. On May 10, 2023, Plaintiff filed an amended petition and a memorandum in support thereof. ECF Nos. 18, 18-1.

On November 22, 2023, the Defendant filed a motion to dismiss the amended petition and a memorandum in support thereof. ECF Nos. 28, 28-1. Plaintiff filed a response in opposition to the Defendant's motion to dismiss on December 22, 2023. ECF No. 29. The Defendant filed a reply brief on January 1, 2024. ECF No. 30.

The Defendant's motion to dismiss having been fully briefed, the Court resolves the pending motion.

### III.  LEGAL STANDARDS

#### A.  Fed. R. Civ. P. 8(a)

Pursuant to Fed. R. Civ. P. 8(a), a complaint must set forth a short and plain statement of the claim showing that the pleader is entitled to relief; a short plain statement of the grounds of the Court's jurisdiction, unless the Court already has jurisdiction; and a demand for the relief sought.  Fed R Civ. P. 8(a).  The short and plain statement must give the defendant fair notice of the claim and the grounds upon which it rests.  *Conley v. Gibson*, 355 U.S 41, 47 (1957).  Given this, the Court has held that a pleading that does not comport with Rule 8(a) places "an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be . . . ."  *Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md 1981) (internal quotations omitted).

#### B.  *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se.*  And so, the Court must construe the amended petition liberally.  *See Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).  But, in doing so, the Court cannot disregard a clear failure to allege facts setting forth a cognizable claim.  *See United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012); *see also Bell v. Bank of Am., N.A.*, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) ("Although a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obliged to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised.") (internal quotations omitted).  And so, if the plaintiff fails to allege sufficient facts setting forth a cognizable claim, the Court must dismiss the complaint.

#### C.  Fed. R. Civ. P. 12(e)

Pursuant to Fed. R. Civ. P. 12(e):

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.  The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.  If the [C]ourt orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the [C]ourt sets, the [C]ourt may strike the pleading, or issue any other appropriate order.

Fed. R. Civ. P. 12(e).

### D. Fed. R. Civ. P. 41(b)

Fed. R. Civ. P. 41(b) sets forth the grounds for an involuntary dismissal and provides that:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). The United States Supreme Court has recognized that a court has the "inherent power" to dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962). This judicial power derives from "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Link*, 370 U.S. at 630-31 (1962)).

When determining whether to dismiss a case pursuant to Rule 41(b), the Court must weigh: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of a drawn-out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal. *See id.* (citing *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990)). And so, the propriety of an involuntary dismissal is a fact-specific inquiry. *Id.*

### E. The Individuals With Disabilities Education Act

Lastly, the IDEA requires that all States that receive federal funds for education provide each child between the ages of three and 21 who has a disability with a FAPE.[2] 20 U.S.C. § 1412(a)(1)(A). The FAPE guaranteed by the IDEA must provide a disabled child with meaningful access to the educational process. *See Bd. of Educ. of Hendrick Hudson Centr. Sch. Dist., Westchester Cnty. v.Rowley*, 458 U.S. 176, 192 (1982). The FAPE must also be reasonably calculated to confer "some educational benefit" on the disabled child. *Id*. at 207. The educational benefit must also be provided in the least restrictive environment appropriate to

---

[2] Maryland's regulations governing the provision of a FAPE to children with disabilities in accordance with the IDEA are found at Md. Regs. Code tit. 13A §§ 05.01 to .16.

8

the child's needs, with the disabled child participating to the "maximum extent appropriate" in the same activities as his or her non-disabled peers. 20 U.S.C. § 1412(a)(5)(A); *see also* 34 C.F.R. § 300.550.

To ensure delivery of a FAPE, the IDEA requires a school district to provide an appropriate IEP for each child determined to be learning disabled. *See* 20 U.S.C. § 1414(d)(1)(A). The Supreme Court has held that, to "meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." *Endrew F. ex rel. Joseph F. v. Douglas Cnty. Sch. Dist. RE-1*, 580 U.S. 386, 399 (2017). The Supreme Court has also recognized that courts should afford deference to the educational judgment of school officials when evaluating the sufficiency of an IEP under the IDEA. *Id*. at 1001. The United States Court of Appeals for the Fourth Circuit, in turn, has recognized the significant importance of the IDEA's least restrictive environment provisions and held that "[m]ainstreaming of handicapped children into regular school programs where they might have opportunities to study and to socialize with nonhandicapped children is not only a laudable goal but is also a requirement of the [IDEA]." *DeVries ex. rel. DeBlaay v. Fairfax Cnty. Sch. Bd.*, 882 F.2d 876, 878 (4th Cir. 1989); *see also M.M. ex rel. D.M. v. Sch. Dist. of Greenville Cnty.*, 303 F.3d 523, 526 (4th Cir. 2002) (holding that special education services "must be provided to a disabled child in the least restrictive and appropriate environment, with the child participating, to the extent possible, in the same activities as non-disabled children") (citation omitted).

If the parents are not satisfied with the IEP, they may "present a complaint with respect to any matter related to the identification, evaluation, or educational placement of the child," or the provision of a FAPE to such child." 20 U.S.C. § 1415(b)(6)(A). After such a complaint has been received, the parents are entitled to request a due process hearing conducted by the state or local educational agency. *Id.* § 1415(f). In Maryland, the Maryland Office of Administrative Hearings conducts the due process hearing and any party can appeal the administrative ruling to federal or state court. Md. Code Ann. Educ. § 8-413(d)(1); Md. Regs. Code tit. 13A § 05.01.15(C)(1). If the Court determines that a violation has occurred, then it "shall grant such relief as [it] determines is appropriate." 20 U.S.C. § 1415(i)(2); *see also Sch. Comm. of Town of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369-70 (1985) (noting that when a FAPE is not

provided to a disabled student, the parents may place the child in a private school and then seek tuition reimbursement from the state).

IV.   **LEGAL ANALYSIS**

The Defendant has moved to dismiss this IDEA matter for insufficiency of the petition and amended petition, pursuant to Fed. R. Civ. P. 3, 7(a), 8(a)(1), 12(e) and 41(b).  Specifically, the Defendant argues that the Court should dismiss this matter, because: (1) the petition in this case is in narrative form and does not set forth Plaintiff's claims in numbered paragraphs and (2) the petition, amended petition and their respective accompanying memoranda of law are akin to dispositive motions, which do not give the Defendant fair notice of Plaintiff's claim and the grounds upon which the claim rest.  ECF No. 28-1 at 3-5.  For these reasons, the Defendant requests that the Court dismiss this matter for failure to satisfy the pleading requirements under the Federal Rules of Civil Procedure.  *Id*. at 5.

The Plaintiff counters that dismissal of this matter is not warranted, because: (1) the petition and amended petition satisfy the sufficiency requirements set forth in the Federal Rules of Civil Procedure; (2) his claim should be decided on the merits; and (3) the Defendant is on notice of the essential elements of his claim.  ECF No. 29-1 at 4-7.  Plaintiff also argues that the Defendant has waived its defenses based upon Fed. R. Civ. P. 3, 7(a), 12(e) and 41(b).  *Id*. at 8-10.  And so, Plaintiff requests that the Court deny the Defendant's motion to dismiss.  *Id*. at 15.

For the reasons that follow, a careful review of the petition and the amended petition shows that these pleadings do not provide the Defendant with fair notice of the Plaintiff's claim and the grounds upon which the claim rests, to comport with Fed. R. Civ. P. 8(a).  The litigation history for this case also makes clear that Plaintiff has continued to not comply with the requirements of Rule 8(a), despite being afforded an opportunity to amend the petition by the Court.  And so, the Court: (1) **GRANTS** the Defendant's motion to dismiss (ECF No. 28); (2) **DENIES-as-MOOT** Plaintiff's motion for attorney's fees (ECF No. 7); (3) **DENIES-as-MOOT** Plaintiff's amended motion for attorney's fees (ECF No. 19); (4) **DENIES-as-MOOT** Plaintiff's motion to proceed anonymously (ECF No. 10); and (5) **DISMISSES** the amended petition.

### A. The Petition And Amended Petition Do Not Comply With Rule 8(a)

As an initial matter, a careful review of the Plaintiff's petition and amended petition shows that these pleadings do not comport with Rule 8(a)'s requirement that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed R Civ. P. 8(a). In the amended petition, Plaintiff states that he seeks "review of the appropriateness of the partial remedy order in the final ruling by [Administrative Law Judge Susan Anderson]," during the OAH Proceeding. ECF No. 18 at 1-2. But the petition and amended petition are devoid of any facts to explain the factual underpinnings of this claim. *See generally* ECF Nos. 6, 18.

Notably, the administrative record in this case shows that the ALJ granted Plaintiff's requests for placement at the Lab School of Baltimore, and for the reimbursement of tuition, costs and expenses for 11 weeks during the 2022-23 school year, because she concluded that the Defendant failed to timely evaluate K.G. and to develop and implement an IEP before the start of the 2022-23 school year. ALJ Decision at 122. The administrative record also shows that the ALJ denied Plaintiff's request for tuition reimbursement for the remainder of the 2022-23 school year, because the BCPS made a FAPE available to K.G. effective November 10, 2022. *Id*. The Plaintiff now seeks to recover the tuition reimbursement for the remainder of the 2022-23 school year that was previously denied by the ALJ. ECF No. 18 at 2.

But there are no facts in the petition or amended petition to show why Plaintiff believes he is entitled to such relief. For example, there are no facts in the amended petition to show why K.G. enrolled in the Lab School of Baltimore, when he attended that school, or why Plaintiff believes that tuition reimbursement for the entire 2022-23 school year is appropriate in this case.[3] *See generally id*.

The absence of such factual allegations deprive the Defendant of fair notice of Plaintiff's claim and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S 41, 47 (1957). Given this, the Court agrees with the Defendant that the petition and amended petition place "an unjustifiable burden" on the Defendant (and this Court) to determine the nature of Plaintiff's

---

[3] The petition is also devoid of these facts. *See* ECF No. 6.

claim and to speculate on what the Defendant's defenses might be. *See Holsey v. Collins*, 90 F.R.D. 122, 123 (D. Md 1981).

The lack of factual allegations in the petition and amended petition also make it difficult for the Court to process this case in an orderly fashion. The Plaintiff has filed memoranda of law in support of his petition and amended petition which contain a mixture of procedural background information, factual allegations, legal standards, legal arguments and a request for relief. ECF Nos. 6-1, 18-1. But, these filling cannot serve as the Plaintiff's complaint for the purpose of Rule 8(a). *See Conley*, 355 U.S. at 47.

The Court also observes that it previously provided Plaintiff with an opportunity to address the aforementioned deficiencies in his petition and amended petition, when the Court granted Plaintiff leave to amend the petition following the status conference held in this matter on October 18, 2023. ECF No. 27. While Plaintiff has addressed some of the petition's deficiencies in the amended petition, such as adding numbered paragraphs and making other technical corrections, the amended petition remains problematic, because it lacks basic and clear factual allegations to support the Plaintiff's claim.[4] And so, this case remains without a sufficient complaint, that sets forth the factual basis for the Plaintiff's claim in this matter, despite the passage of more than one year since Plaintiff commenced this litigation.

### B. Dismissal Is Warranted Under Fed. R. Civ. P. 41(b)

Under such circumstances, the Court deems it appropriate to exercise its inherent authority to dismiss this case. *See Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)) (noting that when determining whether to dismiss a case pursuant to Rule 41(b), the Court must weigh: (1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused to the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.); *see also* Fed. R. Civ P. 41(b). The Court does so with some reluctance. But, as discussed above, the Plaintiff has repeatedly demonstrated an

---

[4] Plaintiff argues that the Defendant's objections to the petition and amended petition raise technical concerns that do not justify the dismissal of this matter. ECF No. 29-1 at 11-12. But the problems with the Plaintiff's petition and amended petition are substantive in nature, because these filings do not give the Defendant adequate notice of his claim.

unwillingness to fully comply with the Federal Rules of Civil Procedure with regards to his petition. The Plaintiff's failure in this regard significantly prejudices the Defendant and also makes it impossible for this litigation proceed in an orderly fashion towards a just, speedy and inexpensive resolution. *See* Fed. R. Civ. P. 1.

For these reasons, the Court will dismiss the amended petition. Fed. R. Civ. P. 41(b).

## V. CONCLUSION

For the forgoing reasons, the Court:

(1) **GRANTS** the Defendant's motion to dismiss (ECF No. 28);

(2) **DENIES-as-MOOT** Plaintiff's motion for attorney's fees (ECF No. 7)

(3) **DENIES-as-MOOT** Plaintiff's amended motion for attorney's fees (ECF No. 19)

(4) **DENIES-as-MOOT** Plaintiff's motion to proceed anonymously (ECF No. 10); and

(5) **DISMISSES** the amended petition.

A separate Order shall issue.

**IT IS SO ORDERED.**

        s/Lydia Kay Griggsby
        LYDIA KAY GRIGGSBY
        United States District Judge