**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| K.G., | ) |
|     Plaintiff, | ) Civil Action No. 23-cv-01002-LKG |
| v. | ) Dated: June 24, 2025 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS, | ) |
|     Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**
**ON THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.   INTRODUCTION**

The Plaintiff, K.G., has moved for reconsideration of the Court's September 10, 2024, Memorandum Opinion (the "September 10, 2024, Decision"), and accompanying Order (ECF Nos. 32 and 33), dismissing the petition and denying-as-moot his motion for attorney's fees and the Defendant's motion to proceed anonymously, in the above-captioned matter, pursuant to Fed. R. Civ. P. 59(e). ECF No. 35. No hearing is necessary to resolve the motion. L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's motion for reconsideration (ECF No. 35) and (2) **ORDERS** the Defendant to respond to the Plaintiff's amended motion for attorney's fees (ECF No. 19) on or before **July 24, 2025**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

<u>Case Background</u>

This civil action involved claims filed against the Baltimore City Board of School Commissioners pursuant to the Individuals with Disabilities Education Act (the "IDEA"), related to the education of K.G., a minor child. *See* ECF Nos. 1 and 18. A detailed factual background for the case is set forth in the Court's September 10, 2024, Decision. *See* ECF No. 32. The relevant facts are summarized below.

On August 9, 2022, K.G.'s parents filed a due process complaint with the Maryland

Office of Administrative Hearings (the "OAH"), requesting a hearing to review the identification, evaluation or placement of K.G. by the Defendant under the IDEA. *See K.G. v. Baltimore City Public Schools*, OAH No. MSDE-CITY-OT-22-18973 (the "ALJ Decision") at 1; *see also* ECF No. 18-1 at 2. In the due process complaint, K.G. alleged that the Defendant failed to provide him with a free and appropriate public education ("FAPE") in violation of the IDEA. *See* ECF No. 18-1. Following a hearing on the matter, the Administrative Law Judge ("ALJ") held that the Defendant failed to provide K.G. with a FAPE from August 29, 2022, through November 10, 2022, and the ALJ ordered the Defendants to "pay or reimburse all tuition and related costs" for 11 weeks of the 2022-2023 school year. *See* ALJ Decision at 121-122.

The District Court Litigation

K.G., subsequently, filed litigation challenging the ALJ's decision to deny part of his IDEA claim before the Circuit Court of Baltimore County. *See* ECF Nos. 1 and 18. On April 13, 2023, the Defendant removed the case to this Court. ECF No. 1.

Thereafter, the Defendant filed a motion to proceed anonymously, upon the grounds that certain documents relevant to the case contained sensitive personally identifiable information directly related to K.G., a minor student, and that parental consent is required prior to the disclosure of such information.[1] ECF No. 10; *see* ECF No. 10-1 at 2. K.G., who is represented by his parent in this case, filed a response in opposition to the motion on July 16, 2023. ECF No. 21.

On May 10, 2023, K.G. filed an amended petition for judicial review seeking "review of the appropriateness of the partial remedy order in the final ruling by the Administrative Law Judge" during the OAH proceeding. ECF No. 18 at 1-2. K.G. also filed a motion for attorneys' fees, seeking to recover the costs and fees for services performed from the time of drafting the complaint through the conclusion of the administrative hearing. ECF No. 8. K.G. amended that motion on May 10, 2023. ECF No. 19. On November 22, 2023, the Defendant filed a motion to dismiss the amended petition, pursuant to Fed. R. Civ. P. 3, 7(a), 8(a)(1), 12(e) and 41(b), upon the grounds that: (1) the amended petition is in narrative form and does not set forth Plaintiff's claims in numbered paragraphs and (2) the petition, amended petition and their respective

---

[1] K.G. correctly observes that the September 10, 2024, Decision and the accompanying Order erroneously state that this motion was filed by the Plaintiff. *See* ECF No. 35-1 at 2. The Court corrected this clerical error on June 17, 2025. *See* ECF Nos. 36 and 37.

accompanying memoranda of law are akin to dispositive motions, which do not give the Defendant fair notice of K.G.'s claim and the grounds upon which the claim rests.  ECF No. 28-1 at 3-5.

The September 10, 2024, Decision

Following full briefing of the Defendant's motion to dismiss, the Court issued a memorandum opinion and order granting the Defendant's motion to dismiss and denying-as-moot K.G.'s amended motion for attorney's fees and the Defendant's motion to proceed anonymously.  ECF Nos. 32 and 33.  Specifically, in the September 10, 2024, Decision, the Court held that: (1) the petition and the amended petition did not provide the Defendant with fair notice of K.G.'s claim and the grounds upon which the claim rests, to comport with Fed. R. Civ. P. 8(a) and (2) the litigation history of the case also made clear that K.G. failed to comply with the requirements of Fed. R. Civ. P. 8(a), despite being afforded an opportunity to amend the petition by the Court.  *See* ECF No. 32 at 11-12.  And so, the Court: (1) granted the Defendant's motion to dismiss (ECF No. 28); (2) denied-as-moot the Plaintiff's amended motion for attorney's fees (ECF No. 19); (3) denied-as-moot the Defendant's motion to proceed anonymously (ECF No. 10); and (4) dismissed the amended petition, pursuant to Fed. R. Civ. P. 41(b).  *Id*. at 13; ECF No. 33.

## III.   LEGAL STANDARDS

### A.  Rule 59(e)

A party may move to alter or amend a judgment within 28 days of entry of the judgment, pursuant to Federal Rule of Civil Procedure 59(e).  *See* Fed. R. Civ. P. 59.  But a judgment may be amended under Rule 59(e) in only three circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.  *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted).  And so, "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made."  *Id*.

## IV.   ANALYSIS

K.G. seeks reconsideration of the Court's September 10, 2024, Decision upon the following four grounds: (1) the Court referred to the incorrect moving party when it denied the motion to proceed anonymously; (2) dismissal of the amended petition is unwarranted, because

3

the amended petition alleged sufficient facts to support the requested relief; (3) dismissal of the amended petition was improper, because the Court did not rule on K.G.'s "stay put" request; and (4) the Court erred by denying-as-moot K.G.'s amended motion for attorney's fees, because that motion involves an independent cause of action. ECF No. 35-1 at 2-9. And so, K.G. requests that the Court: (1) reverse the decision to dismiss the amended petition; (2) correct the September 10, 2024, Decision to reflect that the Court denied the Defendant's motion to proceed anonymously; (3) grant K.G.'s "stay put" request; and (4) resolve K.G.'s amended motion for attorney's fees. *Id.* at 6; ECF No. 35-2.

For the reasons that follow, K.G. correctly argues that the Court should not have dismissed his amended motion for attorney's fees, because this motion involves an independent cause of action that is separate from the amended petition. K.G. also correctly observes that the September 10, 2024, Decision and accompanying Order erroneously identify the Plaintiff as the movant for that motion. But K.G. has not shown that the limited circumstances under which the Court should reconsider the September 10, 2024, Decision are present with regards to his request to set aside the Court's decision to dismiss the amended petition and to deny his "stay put" request. And so, the Court: (1) GRANTS-in-PART and DENIES-in-PART the Plaintiff's motion for reconsideration (ECF No. 35) and (2) ORDERS the Defendant to respond to the Plaintiff's amended motion for attorney's fees (ECF No. 19) on or before July 24, 2025.

### A. The Court Will Consider K.G.'s Amended Motion For Attorney's Fees

As an initial matter, K.G. persuasively argues that the Court should reconsider the dismissal of his amended motion for attorney's fees, because that motion was not rendered moot by the Court's decision to dismiss the amended petition. The IDEA permits a prevailing party who is a parent of a child with a disability to bring an independent action for attorneys' fees in a United States District Court and to recover attorney's fees that have been incurred during an administrative proceeding. *See* 20 U.S.C. § 1415(i)(3)(A) and (B)(i); *Combs v. Sch. Bd. of Rockingham Cnty.*, 15 F.3d 357, 359 n.10 (4th Cir. 1994) ("The IDEA allows parties to bring an independent action in federal court solely to recover fees incurred in an administrative proceeding."); *Sanchez v. Arlington Cnty. Sch. Bd.*, 58 F.4th 130, 133 (4th Cir. 2023). In this case, K.G. separately filed an amended motion for attorney fees seeking to recover "the amount of costs and fees for services performed from the time of drafting the complaint through the conclusion of the administrative hearing," upon the grounds that the ALJ granted-in-part

4

summary judgment in favor of the Plaintiff.  ECF No. 19.  Because this motion involves an independent cause of action under the IDEA, the amended motion for attorney's fees should not have been denied-as-moot upon the dismissal of the amended petition.  20 U.S.C. § 1415(i)(3)(A) and (B)(i); *Combs*, 15 F.3d at 359 n.10.  And so, the Court GRANTS K.G.'s motion for reconsideration with regards to the denial of his amened motion for attorney fees (ECF No. 19).

The Court also agrees that the September 10, 2024, Decision and accompanying Order erroneously identify the Plaintiff as the movant for the Defendant's motion to proceed anonymously.  And so, the Court also GRANTS K.G.'s motion for reconsideration with respect to this clerical error.

### B. Reconsideration Of The Court's Decision To Dismiss The Amended Petition Is Not Warranted

The remaining grounds upon which K.G. seeks reconsideration of the September 10, 2024, Decision are less persuasive.  Notably, K.G.'s request that the Court reconsider dismissing the amended petition, because the amended petition states sufficient facts to support relief, improperly seeks to re-litigate issues and arguments that K.G. previously presented to the Court.  ECF No. 35-1; *see also Zinkand*, 478 F.3d at 637 (a judgment may only be amended pursuant to Rule 59(e) in three discrete circumstances: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice).  K.G.'s request that the Court reconsider the decision to deny his "stay put" request is similarly based upon arguments that K.G. had the opportunity to present to the Court prior to the dismissal of the amended petition.  The Court also observes that the IDEA provides that a "stay put" order is only appropriate "during the pendency of any proceedings conducted pursuant to this section… [and requires that] the child shall remain in the then-current educational placement of the child."  20 U.S.C. § 1415(j).  And so, such relief is not appropriate here, because there are no pending proceedings.

Given this, K.G. simply has not shown that the limited circumstances warranting reconsideration under Rule 59(e) are present here.  And so, the Court must DENY K.G.'s motion for reconsideration.[2]

---

[2] K.G. also appears to request that the Court unseal certain records and filings in this case that contain his personally identifying information.  ECF No. 35-1 at 2.  The Family Educational Rights and Privacy Act, 20 U.S.C. §1232g (b)(1), and the Code of Maryland Regulations, Md. Code Regs., 13A.08.02.04, require

5

## V. CONCLUSION

For the foregoing reasons, the Court:

(1) **GRANTS-in-PART** and **DENIES-in-PART** the Plaintiff's motion for reconsideration (ECF No. 35); and

(2) **ORDERS** the Defendant to respond to the Plaintiff's amended motion for attorney's fees (ECF No. 19) on or before **July 24, 2025**.

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby
LYDIA KAY GRIGGSBY
United States District Judge

---

parental consent prior to the disclosure of a minor student's personally identifiable information. 20 U.S.C. §1232g (b)(1); Md. Code Regs. 13A.08.02.04. And so, to the extent that K.G.'s parents consent to such disclosure, K.G. should file a motion to unseal this information, which the Court will promptly consider.